UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAGECOM, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPRINT SOLUTIONS, INC.; and ANNETTE JACOBS, <br><br> Defendants. | CASE NO. C18-5495 BHS <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND |

This matter comes before the Court on Plaintiff Pagecom, Inc.'s ("Pagecom") Motion to Remand (Dkt. 9). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On May 11, 2018, Pagecom filed a complaint against Defendants Sprint Solutions, Inc. ("Sprint") and Annette Jacobs ("Jacobs") in Pierce County Superior Court for the State of Washington. Dkt. 1, Exhibit A. On June 19, 2018, Sprint removed the matter to this Court, asserting diversity jurisdiction. Dkt. 1, ¶ 5.

On July 13, 2018, Pagecom moved to remand. Dkt. 9. On August 6, 2018, Sprint responded. Dkt. 10. On August 9, 2018, Pagecom replied. Dkt. 15.

## II. FACTUAL BACKGROUND

Pagecom is a Washington corporation doing business in Washington as a Sprint brand licensee. Dkt. 9, ¶ 2.2. Sprint is a Delaware corporation with its principal place of business in Overland Park, Kansas. Dkt.1, ¶ 5. Jacobs is employed by Sprint. Dkt. 12, ¶ 6. In March 2018, Jacobs moved from Bellevue, Washington to Leawood, Kansas, where she resides in an apartment leased for one year. *Id.* ¶¶ 3, 5. Jacobs works in Overland Park, Kansas. *Id.* ¶ 6. Jacobs has paid income tax to the state of Kansas since March of 2018. Jacobs intends to remain in Kansas indefinitely. *Id.* ¶ 4.

Jacobs owns a condominium in Bellevue, Washington and pays property taxes on the condominium to Washington State. *Id.* ¶ 8. Jacobs remains a registered voter in Washington State. *Id.* ¶ 9. The parties agree that prior to March 2018, Jacobs's domicile was Washington State.

## III. DISCUSSION

In cases not involving federal claims, federal district courts are vested with original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). A person's state citizenship is determined by their state of domicile, not their state of residence. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person is domiciled in a location "where he or she has established a fixed habitation or abode in a particular place,

and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986).

Intent to remain may be established "by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir. 2009) (citing *Lew*, 797 F.2d at 750). No single factor is determinative, *Lew*, 797 F.2d at 750, and the court evaluates the factors at the time of the lawsuit's filing. *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980). The factors are evaluated in terms of objective facts, and when in conflict with the facts, mere statements of intent are entitled to little weight. *Lew*, 797 F.2d at 750. A person's old domicile is not lost until a new one is acquired. *Id.*

Jacobs asserts that, although she was previously domiciled in Washington, she became domiciled in Kansas prior to the filing of this lawsuit. Jacobs must thus overcome the presumption favoring an established domicile over a newly acquired one. *Lew*, 797 F.2d at 750–51. Jacobs maintains that she works and resides in Kansas. But while residency is a *Lew* factor, physical presence alone is not sufficient to show an intent to remain; only domicile is determinative. *See Kanter*, 265 F.3d at 857; *Williams v. Sugar Hill Music Publ'g, Ltd.*, No. C05–03155CRB, 2006 WL 1883350, at *8 (N.D. Cal. July 7, 2006) (finding apartment lease and regular presence in jurisdiction insufficient to prove domicile there). While Jacobs has additionally shown employment in Kansas,

Jacobs admits that she owns real property in Washington, pays taxes to Washington, and is registered to vote in Washington—three of the nine *Lew* factors. Though Jacobs has also paid taxes to Kansas since March of 2018, she does not own real property there and is not yet registered to vote in Kansas. Moreover, Jacobs fails to provide any evidence regarding the additional *Lew* factors, such as location of her bank accounts, status of driver's license or automobile registration, and presence of familial or community ties. Lastly, Jacobs's subjective intent to remain in Kansas is given little weight when unsupported by fact. *Lew*, 797 F.2d at 750. Considering the presumption in favor of established domicile and weighed against the objective facts above, Jacobs's newfound residency and employment in Kansas do not overcome her Washington domicile. Because Jacobs was domiciled in Washington on May 11, 2018, Defendants fail to prove complete diversity of citizenship as required to support removal under 28 U.S.C. § 1441, and remand is warranted.

Pagecom has requested award of attorneys' fees. Under 28 U.S.C. § 1447(c), courts may award attorneys' fees when the removing party lacked an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005). Pagecom's request is denied because Jacobs presented a rational argument advocating for a change in her domicile, which, if this Court had agreed, would provide a valid basis for diversity jurisdiction.

# IV.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's Motion to Remand (Dkt. 9) is **GRANTED** and Plaintiff's request for award of attorney's fees is **DENIED**.

Dated this 23rd day of August, 2018.

BENJAMIN H. SETTLE  
United States District Judge